UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES L. LeSHORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 1:06-CV-260 PS |
| | ) | |
| JOHN BEEMAN, and UNITED STATES MARSHALS SERVICE, | ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

*Pro se* prisoner James L. LeShore submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what

>would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

LeShore is a pre-trial detainee. He is attempting to sue the United States Marshals Service and a Deputy United States Marshal for placing him in and not moving him out of the Allen County Jail. He alleges that being in the jail adversely affects his psychological condition and that it is causing him to have anxiety and panic attacks because he feels like he is constantly in danger. He alleges that he is being medicated for this condition and that he has had to change his medication.

Although the Eighth Amendment's proscription against cruel and unusual punishments applies only to persons convicted of crimes and the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is "sufficiently serious" to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citations omitted).

This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted).  It is not enough to show that a defendant merely failed to act reasonably.  *Gibbs v. Franklin*, 49 F.3d 1206, 1207-1208 (7th Cir. 1995).  Even "[o]rdinary [medical] malpractice does not rise to the level of an Eight Amendment claim."  *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997).  "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care.  She is not entitled to the best care possible."  *Id.* at 267.

      LeShore is being held in jail on federal criminal charges.  Needless to say, jail is not a pleasant place and "[p]risons are dangerous places."  *McGill*, 944 F.2d at 345.  The United States Marshals Service and its deputy are lawfully holding LeShore.  Based on his allegations, it does not appear that any jail could alleviate his anxiety.  Accepting as true that he has an enhanced sensitivity to the effects of being incarcerated, he is nevertheless merely alleging that he does not like being in jail.  Few people do.  As he stated, he is being medicated and at least one doctor has changed his medication in an attempt to decrease his adverse psychological responses.

3

LeShore's daily care is the responsibility of the Allen County Jail, not these Defendants. Based on the facts alleged in the Complaint, Defendants have not been deliberately indifferent to him.  For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

ENTERED: August 10, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
